UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE GLENN SCHMIDT,<br><br>Petitioner,<br><br>v.<br><br>ROBERT NEUSCHMID,<br><br>Respondent. | Case No. 19-cv-05447-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 9 |

## INTRODUCTION

Petitioner Lonnie Glenn Schmidt seeks federal habeas relief from his state convictions. His petition is untimely. Respondent's motion to dismiss is GRANTED and the petition is DISMISSED.

## BACKGROUND

In 2016, Schmidt pleaded no contest in the Santa Clara Superior Court to five counts of recording a false instrument, and one count of using personal identifying information without authorization. (Pet., Dkt. No. 1 at 1; *People v. Schmidt*, No. H044222, 2017 WL 6631537, at *1 (Cal. Ct. App. Dec. 12, 2017).) A sentence of five years and eight months was imposed. (Pet., Dkt. No. 1 at 1.)

Schmidt's direct appeals were terminated when the state supreme court denied his petition for direct review on March 21, 2018. (Mot. to Dismiss (MTD), Dkt. No. 9-1 at 25.) Ninety days later (June 19, 2018), the deadline for Schmidt to file a petition for writ of certiorari in the U.S. Supreme Court expired. The next day, June 20, 2018, the 1-year AEDPA limitations period started running.

On December 17, 2018, Schmidt filed his only state habeas petition.[1]  (*Id.* at 29, 48.)  The state supreme court denied it on May 15, 2019.[2]  (*Id.* at 78.)  Then Schmidt filed this federal habeas action on August 20, 2019.[3]

## DISCUSSION

### I. Standard of Review

Schmidt contends that The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) — and therefore its 1-year statute of limitations — does not apply to his case because the statute "contemplates a valid judgment to determine whether [a] petition might be 'untimely.'"  (Opp., Dkt. No. 12 at 4.)  Because his state court judgment is not valid, Schmidt contends, AEDPA does not apply.  He cites no persuasive or binding authority to support this; AEDPA applies to all § 2254 petitions filed after April 24, 1996, the effective date of the statute.  *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001) ("Because Patterson's petition was filed after AEDPA's effective date, on April 24, 1996, the provisions of that Act apply to this case.").  The present petition was filed after the effective date of AEDPA; it and its limitations period apply here.

AEDPA's statute of limitations is codified at 28 U.S.C. § 2244(d).  Federal habeas petitions must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the

---

[1] Respondent states Schmidt is entitled to this date (the date he signed the petition and mailed it), rather than the December 24, 2018 date stamped on the first page.  (MTD, Dkt. No. 9 at 2.)

[2] Respondent mistakenly gives the date as January 15, 2019.  (MTD, Dkt. No. 9 at 2.)  However, the state supreme court docket sheet gives the date of May 15, 2019.  (*Id.*, Dkt. No. 9-1 at 78.)

[3] Schmidt is entitled to this filing date, rather than the August 29, 2019 date listed in the docket.  The Court assumes that he put the petition in the prison mail the day he signed it (August 20, 2019) and will use that as the filing date under the prisoner mailbox rule.  *See generally Houston v. Lack*, 487 U.S. 266, 276 (1988).

Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could not have been discovered through the exercise of due diligence. *See id.* § 2244 (d)(1). This one-year clock starts ticking 90 days after direct state review is final. "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

## II.     Timeliness of the Petition

The one-year AEDPA clock started ticking on June 20, 2018, the day following the expiration of the 90-day period after the state supreme court denied direct review, a period during which Schmidt could have filed a petition for writ of certiorari in the U.S. Supreme Court. Schmidt then had until June 21, 2019, to file a timely federal habeas petition. The present petition was filed on August 20, 2019, two months after the AEDPA deadline. Accordingly, absent sufficient statutory or equitable tolling, the petition is barred by AEDPA's statute of limitations and must be dismissed.

### A.     Statutory Tolling

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). Schmidt is not entitled to any statutory tolling because the California Supreme Court found that his state habeas petition was successive and not properly filed within the meaning of § 2244.

Before the limitations period expired on June 21, 2019, Schmidt filed a state habeas petition in the state supreme court on December 17, 2018. A properly filed habeas petition would have tolled the statute of limitations. But Schmidt's was denied on May 15, 2019 as successive (with a citation to *In re Clark*, 5 Cal. 4th 750, 767-69) and because it raised claims that could have been brought on appeal (with a citation to *In re Dixon*, 41 Cal. 2d 756, 759 (1953). (MTD, Dkt. No. 9-1 at 78.)

3

1  Successive petitions are not "properly filed" within the meaning of 28 U.S.C.
2  § 2244(d)(2) and cannot toll the statute of limitations. "[B]ecause the California Supreme
3  Court denied the petition with a citation to *Clark*, 5 Cal.4th at 767-69, the state habeas
4  petition did not toll the statute of limitations." *Polk v. Hughes*, No. 12-cv-05986-VC (PR),
5  2015 WL 1322304, at *3 (N.D. Cal. Mar. 24, 2015). "[A] successive petition is a delayed
6  petition" and "if a state court denies a petition as untimely, none of the time before or
7  during the court's consideration of that petition is statutorily tolled." *Id.*, citing *Bonner v.
8  Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005). *See also, e.g., Hughes v. Paramo*, No. CV
9  17-154-FMO (PJW), 2018 WL 3238585, at *4 (C.D. Cal. Jun. 25, 2018), *report and
10 recommendation adopted by* 2018 WL 3218096 (C.D. Cal. Jun. 29, 2018) (state supreme
11 court's citation to *Clark*, whether for untimeliness or for being successive renders the
12 petition an improper filing for statutory tolling purposes); *Atzet v. Paramo*, No. 2:17-cv-
13 1399 MCE KJN P, 2018 WL 2771269, at *3 (E.D. Cal. Jun. 7, 2018) ("a citation to *In re
14 Clark* signals a habeas petition has been denied as untimely" and therefore is not properly
15 filed for statutory tolling purposes); *Fulton v. Paramo*, No. LA CV 16-3019 JLS (JCG),
16 2016 WL 8223353, at *3 (C.D. Cal. Dec. 7, 2016), *report and recommendation adopted by*
17 2017 WL 522150 (C.D. Cal. Feb. 8, 2017) (a citation to *Clark*, 5 Cal. 4th at 767-69,
18 renders the state petition as not properly filed for statutory tolling purposes); *Garmon v.
19 Foulk*, No. CV 14-0125 JCG, 2015 WL 1457629, at *2-3 (C.D. Cal. Mar. 30, 2015)
20 (because the state supreme court denied the filings as "impermissible successive petitions"
21 under *Clark*, 5 Cal.4th at 767-69, the petitions were not properly filed for statutory tolling
22 purposes).

### B. Equitable Tolling

A federal habeas petitioner is entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). Equitable tolling is not granted as a matter of course. In

fact, it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Id.* (citation omitted).

Respondent explained in the motion to dismiss why Schmidt's petition for collateral review in the California Supreme Court would not toll the statute of limitation. (Dkt. No. 9, p.3.) Schmidt's opposition to the motion to dismiss argues the merits of his case but does not assert that any tolling is appropriate. The record does not disclose any extraordinary circumstance that prevented timely filing of this federal habeas. Accordingly, Schmidt is not entitled to equitable tolling.

## CONCLUSION

Respondent's motion to dismiss the petition as untimely is GRANTED. (Dkt. No. 9.) The petition is DISMISSED.

A certificate of appealability will not issue. Schmidt has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** May 27, 2020

_____
WILLIAM H. ORRICK
United States District Judge